IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David L. Medina,<br>                Plaintiff<br>  vs. | |
| | CIVIL ACTION – LAW |
| Robert R. Haas<br>c/o Pennsylvania College of Technology<br>One College Avenue<br>Williamsport, PA 17701; | NO.<br><br>JUDGE:<br><br>JURY TRIAL OF 12 DEMANDED |
| The Pennsylvania College of Technology<br>One College Avenue<br>Williamsport, PA 17701; and | |
| The Pennsylvania State University<br>State College, PA 16801, | |
|                 Defendants | |

**COMPLAINT**

David Medina, an employee of the federal prison system, was suddenly and violently struck by a vehicle plowing snow and/or slush on behalf of the Pennsylvania College of Technology and the Pennsylvania State University. Mr. Medina is still unable to work, has had surgery, and is facing future surgeries. Not only was there negligence on the part of the driver, but there was a failure of supervision and control by the College and University.

1. Plaintiff, David L. Medina, is an adult individual domiciled at 2670 Corner Lane, Bellmore, Nassau County, NY.

2. Defendant, Robert R. Haas, is an adult individual domiciled at 1399 Lorson Road, Williamsport, Lycoming County, PA.

3. Upon information, knowledge and belief, Defendant Robert R. Haas is an adult individual who was, at all times relative to this action, an employee, servant, agent, ostensible or apparent agent of Defendant Pennsylvania College of Technology and/or Defendant The Pennsylvania State University, State College, PA 16801, and may be served at Defendant Pennsylvania College of Technology, One College Avenue, Williamsport, PA 17701. According to an internet search, Defendant Haas was a carpenter/maintenance worker in General Services of Pennsylvania College of Technology hired in 2009.

4. The Pennsylvania College of Technology is a public educational institution accredited by the Middle States Commission on Higher Education.

5. The Middle States Commission on Higher Education is located at 3624 Market Street, Philadelphia County, Philadelphia, PA.

6. The Pennsylvania College of Technology Act, 24 P.S. §§ 2510-501, et. seq., "established the Pennsylvania College of Technology in 1989 as a non-profit corporation and wholly controlled affiliate of the Corporation for Penn State…[which] is a wholly controlled affiliate of the Board of Trustees of the Pennsylvania State University, a State-related university and an instrumentality of the Commonwealth," 24 P.S. §§2510-503(5) and (6). The Declaration of Policy of that Act states: "it will serve the educational needs and interests of the people of this Commonwealth to grant to the Pennsylvania College of Technology the benefits of The Pennsylvania State University's status as a State-related university and an instrumentality of Commonwealth within the Commonwealth System of Higher Education." 24 P.S. §503(7).

7. It was the purpose of that Act "to extend Commonwealth opportunities for higher education by recognizing the Pennsylvania College of Technology as an affiliate corporation of the Pennsylvania State University." 24 P.S. §2510-503(8).

8. As part of its mission, with certain exceptions, "The Pennsylvania College of Technology shall have the authority to conduct educational programs consistent with the mission of the Pennsylvania State University as the Land Grant Institution of the Commonwealth of Pennsylvania." 24 P.S. §2510-505.

9. "The Pennsylvania College of Technology [was] granted the benefits and responsibilities of the status of the Pennsylvania State University as a State-related institution and as an instrumentality of the Commonwealth of Pennsylvania" including "an annual appropriation by the Commonwealth as a separate line item of the annual appropriation to the Pennsylvania State University," eligibility "to participate in programs for capital development and improvement under Article XVI-B of the act of April 9, 1929 (P.L. 343, No. 176), known as The Fiscal Code," and that "Bonds issued by The Pennsylvania State University for the benefit of the Pennsylvania College of Technology, or issued by the Pennsylvania College of Technology, shall be free from taxation within the Commonwealth of Pennsylvania." 24 P.S. §§2510-504(1), (2), and (4).

10. The Pennsylvania State University is a public, land-grant research university with campuses and facilities throughout Pennsylvania.

11. The Pennsylvania State University conducts business in Philadelphia County including but not limited to: marketing and advertising, maintaining campuses in Philadelphia County, and offering courses and degree programs in Philadelphia County.

On information and belief, the University directs students it believes are appropriate for the programs to Pennsylvania College of Technology.  The Pennsylvania State University also, on information and belief, has administrative and supervisory personnel within the jurisdiction of this Court.

12. Pennsylvania State University conducts substantial business in Philadelphia.  Approximately half of PSU's United States alumni reside in Pennsylvania, primarily in the urban areas of Philadelphia (and surrounding counties), Pittsburgh Area, and Centre County region surrounding State College.  A substantial percentage of dues and donations derive from Philadelphia County residents.  PSU maintains an office at 1617 John F. Kennedy Blvd., Suite 425, Philadelphia, PA 19103.

13. There is a course equivalency tab on both the website for the Pennsylvania College of Technology and Pennsylvania State University with each college accepting courses from the other institution.

14. While there are 24 Penn State "campuses," Pennsylvania College of Technology is the one which is listed.  PCT is listed as one of 24 PSU campuses.

15. Pennsylvania College of Technology and Pennsylvania State University share the same logo, owned by and registered to the Pennsylvania State University, nationally and internationally known and advertised, and the logo appears on the Pennsylvania College of Technology website.  The common logo, on information and belief, was on the truck involved in the collision driven by Mr. Haas.  According to Pennsylvania State University policies and guidelines concerning the logo, "The University's Indicia are a direct reflection of the University.  Thus, this Policy seeks to protect the University's name and reputation by regulating the use of University Indicia

4

to prevent uses that are not supportive of the University's mission or values and protect the University from the liability of misrepresentation", "The University is the owner of a number of trademarks, many of which are registered with the United States Patent and Trademark Office, the Pennsylvania Department of State as well as certain international jurisdictions. All of these marks, as well as other names, logos, and other symbols that represent the University or its entities, whether or not registered, are the property of the University", and "Use of University Indicia can only be used in connection with activities that meet the University's standards and support the University's mission. Attaching University Indicia to an event, project or publication implies a close connection with the University. Therefore, there must be a sufficient level of University involvement in the event, product, or service to utilize any University Indicia."

16. Jurisdiction is based upon 28 U.S.C. 1332 (a), by virtue of the diversity of citizenship between the parties. The amount in controversy, exclusive of interests and costs, is in excess of $75,000.00.

17. This action is properly brought in the District, pursuant to 28 U.S.C. §1391 (a)(2) and §1131(b)(1) because at least two of the Defendants are found doing business in this district on a regular and substantial basis.

18. On March 1, 2019, at approximately 6:46 a.m., Mr. Medina was the operator of a 2010 Dodge Charger that was traveling in the southbound travel lane of US Highway 15. He was approaching Allenwood Camp Lane near White Deer, Pennsylvania.

19. At the aforesaid time and place, Robert Haas was the operator of a 2008 Ford F-250 that was traveling eastbound on Allenwood Camp Lane for the purposes of snow and/or slush clearance during inclement weather.

20. Pennsylvania College of Technology, on information and belief, or PSU own and operate "Earth Science Center" located on Allenwood Camp Lane.

21. Defendant Haas was employed by the Pennsylvania College of Technology (hereinafter "PCT") at the time and was operating a vehicle with a snowplow on it owned by PCT.

22. Defendant Haas continued through the intersection with US Highway 15 and struck Mr. Medina's front passenger side of his Dodge Charger with the front driver's side of the snowplow.

23. Defendant Haas travelled through the intersection with US Highway 15, which, on information and belief, he was aware was a busy major highway on which other vehicles were likely to be traveling, without stopping at the stop sign; without sounding an alarm; without using warning lights; and without any other warning.

24. After initial impact, Mr. Medina's Dodge Charger rotated clockwise approximately 270 degrees while crossing the northbound lane of US Highway 15.

25. The tremendous force from this impact caused Mr. Medina's Dodge Charger to continue across the northbound lane of US Highway 15 into a ditch that was located on the east side of the roadway.

26. Mr. Medina's Dodge Charger continued up the ditch and came to a final resting place off the roadway, facing south.

27. Defendant Haas' Ford came to a final resting place on the shoulder of US Highway 15 facing south.

28. The physical damage observed at the scene consisted of damage to the front plow of Defendant Haas' Ford. The physical evidence would suggest the plow was in the elevated position.

29. Disabling damage was caused to the front of Mr. Medina's Dodge Charger.

30. Damage to the passenger side of Mr. Medina's Dodge Charger showed red paint transfer from the snowplow of Defendant Haas's Ford F-250.

31. The observed physical evidence was consistent with the Haas vehicle running the stop sign and forcefully and suddenly impacting the Medina vehicle with the brunt of the plow.

32. Defendant Haas was cited on March 2, 2019, for a summary offense under 75 Pa. C.S. § 3111(A), Obedience to Traffic Control Devices.

33. Defendant Haas did not recall any exculpatory details of the collision.

34. Defendant Haas pleaded guilty on April 29, 2019 to the aforementioned charges.

35. Mr. Medina was unable to avoid the collision when the truck that Defendant Haas was operating suddenly and unexpectedly entered his southbound lane of travel on US Highway 15.

36. Mr. Medina's front airbag deployed at the time of the impact.

37. Witness testimony is consistent with Defendant Haas' negligence in connection with his operation of the vehicle traveling east on Allenwood Camp Lane towards the intersection with US Highway 15.

38. Defendant Haas was obligated to operate his truck according to the codes and regulations of Pennsylvania including accomplishing his work in a manner that would provide an adequate degree of safety for workers and the public.

39. Defendant Haas was obligated to observe the laws pertaining to stopping at stop signs, yielding at an intersection, controlling the speed of his vehicle so he could stop safely, observing the location and travel of other vehicles, deferring to a major state highway upon entering same, utilizing lighting and audible sounds to alert other vehicles and observing all other pertinent rules and regulations in Pennsylvania.

40. Mr. Medina, as a result of the collision, is disabled and is still unable to work. He is likely to have a permanent disability and wage loss.

41. Mr. Medina, as a result of his injuries, underwent a right shoulder replacement on August 12, 2019.

42. Mr. Medina received, continues to receive, and will receive medical care and treatment into the future for the above, and has incurred and will incur past, present and future medical bills and expenses for the same.

43. As a factual cause of Defendants' negligence, carelessness and recklessness as described herein, Mr. Medina sustained permanent bodily injuries and damages including, but not limited to, impingement syndrome of right shoulder, partial rotator cuff tear, AC Arthralgia, shoulder pain, Glenohumeral Synovitis, partial anterior labral tear, SLAP tear, partial subscapularis tear, and constant lower back pain; the

need for future surgery; past, present and future pain and suffering; past, present and future disability; past, present and future humiliation, embarrassment, disfigurement and emotional distress; past, present, and future wage, earnings and benefit loss; past, present and future financial losses and general expenses; past, present and future loss of life's pleasures; and such other injuries as may become apparent.

## COUNT I
## DAVID L. MEDINA v. ROBERT R. HAAS

44. The preceding paragraphs are incorporated herein by reference as though fully set forth.

45. At the aforementioned date, time and place, Robert Haas, was negligent, careless and/or reckless in the operation of a motor vehicle including but not limited to:

    45.1. Operating a motor vehicle in careless disregard for the rights and safety of others in a manner so as to endanger other persons and property;

    45.2. Failing to observe the path of his vehicle and vehicles of others;

    45.3. Failing to have his vehicle under adequate and proper control;

    45.4. Failing to maintain a proper lookout for other traffic and failure to observe the location of other vehicles on a main state road;

    45.5. Operating a motor vehicle at a rate of speed that was too fast for the road conditions at the time;

  45.6. Failure to stop at stop sign at a 4-way intersection with US Highway 15;

  45.7. Failure to yield to plaintiff when entering the southbound lane of US Highway 15;

  45.8. Failure to abide by traffic control devices;

  45.9. Lack of awareness to maintain public safety;

  45.10. Causing the collision as stated previously;

  45.11. Operating a motor vehicle in knowing disregard for the rules of the road and the laws of the Commonwealth of Pennsylvania, as explained herein; and

  45.12. Failure to act in other ways which may become apparent as a result of discovery.  There has been no pre-Complaint discovery in this matter, thus presenting a number of unanswered questions.

46. The negligence of Robert Haas was the direct and factual cause of the collision described above and resulted in injury, past and present disability, and present and future financial losses and general expenses to Mr. Medina.

47. As a factual result of the negligence, carelessness and recklessness of Robert Haas, Plaintiff David Medina was caused to sustain serious and severe injuries as described above.

48. The conduct of Defendant Haas to totally ignore traffic controls and enter a major state highway without looking for vehicles, without giving warning, and without making any attempt to stop demonstrates deliberate indifference of a known risk which caused grievous injury to David Medina.

49.     The conduct of Defendant Haas, as herein described, was so outrageous as to demonstrate willful, wanton, or reckless behavior, and reckless disregard or indifference to the rights of others including Plaintiff Medina, to-wit, the Defendant had a subjective appreciation of the risk of harm to which Plaintiff and other motorists on the road were exposed by his actions, and that Defendants acted, or failed to act, in conscious disregard of that risk, for which Plaintiff also seeks punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for an amount in excess of $75,000.00, exclusive of interests and costs, and punitive damages.

## COUNT II

### DAVID L. MEDINA v. THE PENNSYLVANIA COLLEGE OF TECHNOLOGY

50.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

51.     At all times relevant to this action, Defendant Robert Haas was an employee, servant, agent, ostensible agent, or apparent agent of Defendant The Pennsylvania College of Technology.

52.     At all times relevant to this action, Defendant Robert Haas was acting within the course and scope of his duties as an employee, servant, agent, ostensible agent, or apparent agent of Defendant The Pennsylvania College of Technology.

53.     Defendant The Pennsylvania College of Technology is vicariously liable for the negligent actions of Defendant Robert Haas as described above.

54. The Pennsylvania College of Technology Defendants conducted themselves in such a manner so as to make it appear to the public as though Robert Haas was an employee, agent, or servant of said entities.

55. A reasonable person in the position of Plaintiffs would believe that Defendant Robert Haas was an agent, servant, partner or employee of the Pennsylvania College of Technology Defendants based upon the holding out of said entities and the representations by said entities of Defendant Robert Haas' status.

56. The Pennsylvania College of Technology Defendants did nothing to dissuade Mr. Medina and the public in that connection, and did not disavow any such relationship, giving rise to ostensible agency.

57. As a factual cause of the conduct set forth, Plaintiff David Medina was caused to sustain serious and severe injuries as described above.

**WHEREFORE**, Plaintiff demands judgment against Defendants for an amount in excess of $75,000.00, exclusive of interests and costs.

## COUNT III

## DAVID L. MEDINA v. THE PENNSYLVANIA STATE UNIVERSITY

58. The preceding paragraphs are incorporated herein by reference as though fully set forth.

59. Defendant Haas was an agent, servant, or employee of The Pennsylvania State University by virtue of the University's relationship with the Pennsylvania College of Technology.

60. In addition, and in the alternative, Pennsylvania State University's holding out to the public indicates that Robert Haas is an apparent or ostensible agent, servant or employee of Pennsylvania State University.

61. As a factual cause of the conduct set forth, Plaintiff David Medina was caused to sustain serious and severe injuries as described above.

**WHEREFORE**, Plaintiff demands judgement against Defendants for an amount in excess of $75,000.00, exclusive of interests and costs.

## COUNT IV

## DAVID L. MEDINA v. THE PENNSYLVANIA COLLEGE OF TECHNOLOGY

62. The preceding paragraphs are incorporated herein by reference as though fully set forth.

63. The Pennsylvania College of Technology was negligent in not taking action to prevent driver error through appropriate training and supervision:

63.1. Upon information and belief, The Pennsylvania College of Technology did not review Defendant Haas' driving record prior to hiring or while employed and, therefore, on information and belief, negligently entrusted the vehicle with the plow to Defendant Haas. This information will be further developed through discovery;

63.2. Said Defendant failed to instruct Defendant Haas on road laws pertaining to entering state highways or to observe the position of

other vehicles and drivers while he was plowing and immediately thereafter;

63.3. Defendant Pennsylvania College of Technology failed to designate roads suitable for plowing by Defendant Haas;

63.4. Failure to monitor what work Defendant Haas was doing when and where by GPS or other electronic means;

63.5. Failure to ensure that Defendant Haas knew how to keep the plow out of harm's way when interfacing with other vehicles on the roadway;

63.6. Failure to have instructional or on-the-road training and supervision in the use of plows before, after, and during the plowing event; and

63.7. Such other matters that may become apparent through discovery since defendant has not supplied its investigation or any background information on Mr. Haas.

64. As a factual cause of the conduct set forth, Plaintiff David Medina was caused to sustain serious and severe injuries as described above.

**WHEREFORE**, Plaintiff demands judgment against Defendants for an amount in excess of $75,000.00, exclusive of interests and costs, and punitive damages.

## COUNT V

## DAVID L. MEDINA v. THE PENNSYLVANIA STATE UNIVERSITY

65. The preceding paragraphs are incorporated herein by reference as though fully set forth.

66. The Pennsylvania State University was negligent in not communicating with, supervising or training its affiliate, Pennsylvania College of Technology, and/or Defendant Haas as its agent, servant, employee, or ostensible agent, servant or employee, with respect to driver training and supervision in the following manner:

66.1 On information and belief, Pennsylvania State University failed to train or supervise its affiliate, The Pennsylvania College of Technology, with respect to review of Defendant Haas' driving record prior to hiring or while employed and, therefore, on information and belief, negligently entrusted the vehicle with the plow to Defendant Haas.

66.2 On information and belief, Pennsylvania State University failed to train or supervise its affiliate, The Pennsylvania College of Technology, and/or Defendant Haas as its agent, servant, employee, or ostensible agent, servant or employee, with respect to protocols in place to ensure that the Pennsylvania College of Technology reviewed driving records prior to hiring and during employment of employees entrusted with vehicles on behalf The Pennsylvania College of Technology;

66.3 On information and belief, Pennsylvania State University failed to train or supervise its affiliate, The Pennsylvania College of Technology, and/or Defendant Haas as its agent, servant, employee, or

ostensible agent, servant or employee, with respect to the instruction of Defendant Haas on road laws pertaining to entering state highways or to observe the position of other vehicles and drivers while he was plowing and immediately thereafter;

66.4   On information and belief, Pennsylvania State University failed to train or supervise its affiliate, The Pennsylvania College of Technology, and/or Defendant Haas as its agent, servant, employee, or ostensible agent, servant or employee, with respect to designating roads suitable for plowing by Defendant Haas;

66.5   On information and belief, Pennsylvania State University failed to train or supervise its affiliate, The Pennsylvania College of Technology, and/or Defendant Haas as its agent, servant, employee, or ostensible agent, servant or employee, with respect to monitoring the work Defendant Haas was doing, when and where, by GPS or other electronic means;

66.6   On information and belief, Pennsylvania State University failed to train or supervise its affiliate, The Pennsylvania College of Technology, and/or Defendant Haas as its agent, servant, employee, or ostensible agent, servant or employee, with respect to ensuring that Defendant Haas knew how to keep the plow out of harm's way when interfacing with other vehicles on the roadway;

66.7   On information and belief, Pennsylvania State University failed to train or supervise its affiliate, The Pennsylvania College of

Technology, and/or Defendant Haas as its agent, servant, employee, or ostensible agent, servant or employee, to have instructional or on-the-road training and supervision in the use of plows before, after, and during the plowing event; and

    66.8   On information and belief, Pennsylvania State University failed to train or supervise its affiliate, The Pennsylvania College of Technology, and/or Defendant Haas as its agent, servant, employee, or ostensible agent, servant or employee, to have protocols in place in connection with how The Pennsylvania College of Technology should supervise and train those plowing snow.

    67.   As a factual cause of the conduct set forth, Plaintiff David Medina was caused to sustain serious and severe injuries as described above.

**WHEREFORE**, Plaintiff demands judgment against Defendants for an amount in excess of $75,000.00, exclusive of interests and costs, and punitive damages.

    Respectfully Submitted,

    RIEDERS, TRAVIS, HUMPHREY,
    WATERS & DOHRMANN

    /s/ Clifford A. Rieders, Esquire
    Clifford A. Rieders, Esquire PA 20962
    Corey J. Mowrey, Esquire PA 307507
    161 West Third Street
    Williamsport, PA  17701
    Tel: (570) 323-8711
    Fax: (570) 323-4192