UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L MEDINA,<br>　　　Plaintiff | ) | CIVIL ACTION NO. 4:21-CV-1000 |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ROBERT R HAAS, *et al.*,<br>　　　Defendants | ) | |

### MEMORANDUM OPINION
*Defendants' Motion to Dismiss Plaintiff's Punitive Damages Claim (Doc. 28)*

David Medina alleges that a pickup truck crashed into him when it ran through a stop sign. For this alleged harm, he seeks both compensatory and punitive damages from both the driver of the truck, Robert Haas, and Mr. Haas' employer, the Pennsylvania College of Technology. Now, both Mr. Haas and the College seek dismissal of Mr. Medina's punitive damages claim. However, a punitive damages claim rests on the mental state of the defendant, something that can only be uncovered through discovery. So, the Motion will be denied.

I.　　BACKGROUND AND PROCEDURAL HISTORY

This diversity action[1] began when David Medina (Mr. Medina or "Plaintiff") filed a Complaint against Robert Hass, The Pennsylvania College of Technology ("PCT"), and The Pennsylvania State University ("PSU") on October 9, 2020. (Doc. 1). Mr. Medina originally filed this case in the United States District Court for the

---

[1] This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

Eastern District of Pennsylvania. Defendants then moved to have the case transferred to the Middle District of Pennsylvania, which Judge Gerald Pappert granted on March 22, 2021. (Doc. 22).

Assuming the allegations in the Complaint as true,[2] on March 1, 2019, Mr. Medina was driving a sedan on the southbound side of U.S. Route 15 near White Deer, PA. (Doc. 1, ¶ 18). As Mr. Medina passed Allenwood Camp Lane, a pickup truck with a snowplow crashed into the passenger side of Mr. Medina's sedan. (*Id.* at ¶ 22). At the time of the accident, Mr. Haas, was operating the PCT owned pickup truck within the scope of his employment with PCT. (*Id.* at ¶¶ 19-21; 52). When the accident occurred, Mr. Haas was clearing snow/slush from Allenwood Camp Lane, which is where PCT's Earth Science Center is located. (*Id.*). The force of the impact spun Mr. Medina 270-degrees and he ended up on a ditch on the northbound side of U.S. Route 15. (*Id.* at ¶¶ 24-26).

When eastbound drivers of Allenwood Camp Lane arrive at the U.S. Route 15 intersection, they must abide by a STOP sign, and yield to traffic on U.S. Route 15. (*Id.* at ¶¶ 23;39). Drivers on U.S. Route 15 do not have a STOP sign on the Allenwood Camp Lane intersection. (*See id.*). As such, Mr. Haas was cited for a summary traffic offense under 75 Pa. C.S.§ 3111(A) (obedience to traffic-control

---

[2] At the motion to dismiss stage, the Court "must accept all factual allegations in the complaint as true . . . ." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

devices) on March 2, 2021. (*Id.* at ¶ 32). He pled guilty to this offense on April 29, 2021. (*Id.* at ¶ 34). As a result of the crash, Mr. Medina suffers from a variety of health issues and is unable to work. (*Id.* at ¶¶ 40-42).

Mr. Medina lists five counts in his Complaint:

(1)  A negligence claim against Mr. Haas;
(2)  A vicarious liability claim against PCT;
(3)  A vicarious liability claim against PSU;
(4)  Failure to train, failure to supervise, and negligent entrustment claims against PCT; and
(5)  Failure to train, failure to supervise, and negligent entrustment claims against PSU.

Mr. Medina seeks punitive damages against Mr. Haas, and from PCT and PSU directly for their failure to train and supervise Mr. Haas, and in negligently entrusting with Mr. Haas a vehicle/snowplow. (*Id.* at pp. 14;17).

Plaintiff considers Mr. Haas' actions to warrant punitive damages because he "ignore[d] traffic controls and enter[ed] a major state highway without looking for vehicles, without giving warning, and without making any attempt to stop . . . ." (*Id.* at ¶ 48). Plaintiff contends that this demonstrates outrageous conduct because it demonstrated "willful, wanton, or reckless behavior, and reckless disregard or indifference to the rights of others." (*Id.* at ¶ 49). He also claims that PCT and PSU (1) did not review Mr. Haas' driving record before and during his employment, (2) failed to instruct him on how to abide with traffic laws and how to operate a plow, (3) failed to designate roads suitable for plowing, (4) failed to monitor his work, and

(5) failed to give him proper training. (*Id.* at ¶ 63). Plaintiff believes that this warrants punitive damages, (*Id.* at pp. 14; 17) and that "Defendants' negligence, carelessness and recklessness," (*Id.* at ¶ 43) caused his severe injuries.

On June 30, 2021, Defendants filed a Motion to Dismiss Plaintiff's Punitive Damages Claim. (Doc. 28). The Defendants' Brief in Support was filed the same day. (Doc. 29). On July 12, 2021, Plaintiff filed a Brief in Opposition. (Doc. 31). Defendants did not file a Reply Brief.

After this instant Motion was filed, on July 28, 2021, the parties stipulated to dismiss PSU as a defendant, (Doc. 34), which the Court approved on August 3, 2021. (Doc. 36).

This Motion is now ripe for disposition.

II.   THE MOTION TO DISMISS STANDARD

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and ultimately determine whether Plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In review of a

motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothchild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id.* The court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that the [plaintiff] can prove facts that [he] has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.* To determine the sufficiency of a complaint under the pleading regime established by the Supreme Court, the court must engage in a three-step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminister Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief" and instead must "'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

As the Court of Appeals has observed:

> The Supreme Court in *Twombly* set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "merely consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011).

III.   DISCUSSION

Here, I will discuss the standards applied in awarding punitive damages, both parties' arguments, and why I will deny the present Motion.

A.    STANDARDS APPLIED FOR PUNITIVE DAMAGES CLAIMS

In diversity jurisdiction cases, federal courts must apply state substantive law and federal procedural law. *Schmigel v. Uchal*, 800 F.3d 113, 119 (3d Cir. 2015). Pennsylvania law permits punitive damages for "conduct that is outrageous, because of the defendant's evil motive or reckless indifference to others. *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (citing *Feld v. Merriam*, 485 A.2d 742, 747 Pa. 1984)). In deciding whether a defendant acted with reckless indifference, Pennsylvania courts do not apply a reasonable man standard, instead, they look at whether "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard to that risk" *Id.* at 772. As such, in determining whether punitive damages are warranted "the state of mind of the actor is vital." *Id.*

B.    THE PARTIES' ARGUMENTS

Defendants seek to dismiss punitive damages claims against all parties. Defendants argue that under the federal pleading standards, a claim for punitive damages fails. (Doc. 29). They argue that Mr. Medina alleged typical negligence and his Complaint is devoid of facts or allegations that rises to the level of deliberate, willful, wanton, or reckless conduct. (*Id.* at 5-6).

Plaintiff counters that at the Motion to Dismiss stage, he has pleaded enough facts to establish punitive damages. (Doc. 31, p. 9).³ He further argues that this Court's precedent disfavors the early dismissal of punitive damages claims because its award rests on the defendant's state of mind. (*Id.* at 10-11) (citing *Seamans v. Tramontana*, No. 13-cv-698, 2013 U.S. Dist. LEXIS 151429, at *15 (M.D. Pa. Oct. 22, 2013)). And, since one's mental state can only be uncovered during discovery, motions to dismiss punitive damages are generally premature. (*Id.*).

C. ANALYSIS

Since PSU was dismissed as a party, I must only decide if punitive damages claims should be dismissed against Mr. Haas and PCT.

Because a punitive damages award hinges on a defendant's state of mind, a judgment on the pleadings that asks to dismiss a punitive damages claim is not appropriate. A defendant's state of mind can only generally only be answered with the development of a full factual record. This is well established in this District, and in our sister districts across the Commonwealth. *See, e.g.*, *Harvel v. Brumberger*, No. 19-cv-2124, 2020 U.S. Dist. LEXIS 206828, at * 19-21 (M.D. Pa. Nov. 4, 2020) (report and recommendation adopted by 2020 U.S. Dist. LEXIS 221668 (M.D. Pa. Nov. 25, 2020)) ("courts have deemed [] motions to dismiss punitive damages claims

---

³ Plaintiff's Brief in Opposition does not have page numbers, so the I will refer to the page numbers superimposed on all CM/ECF electric filings.

to be premature and inappropriate where, as here, the complaint alleges reckless conduct."); *Kerlin v. Howard*, No. 18-cv-481, 2018 U.S. Dist. LEXIS 144152, at *3-4 (M.D. Pa. Aug. 24, 2018) ("this Court has consistently held that it is premature to dismiss demands for punitive damages prior to discovery");[4] *Tjokrowidjojo v. San Lucas*, No. 20-cv-6564, 2021 U.S. Dist. LEXIS 56655, at *2 (E.D. Pa. Mar. 25, 2021) ("courts routinely deny requests to dismiss punitive damages claims in motor vehicle accident cases at the onset of litigation."); *Cobb v. Nye*, No. 14-cv-865, 2014 U.S. Dist. LEXIS 172087, at *8-10 (M.D. Pa. Dec. 12, 2014) (same, as applied to a driver who rear ended plaintiff's car); *Maturo v. Pugh*, No. 20-cv-1464, 2020 U.S. Dist. LEXIS 124868 (E.D. Pa. July 16, 2020) (same, as applied to a driver who made an improper left turn). As applied here, if Mr. Haas had "a subjective appreciation of the risk of harm" when he ran past the STOP sign, then a punitive damages award might be warranted. Seeing that this involves his *subjective* mental state, discovery should be allowed to probe that. And, because Plaintiff alleged that Mr. Haas acted with "willful, wanton, or reckless behavior," he has plead sufficient allegations to allow his claim to continue.

---

[4] In this case, Judge Brann denied a Motion to Dismiss punitive damages even the facts alleged were so few as the "vehicle driven by [the defendant] 'pulled out in front of [] [the plaintiff], causing a violent collision." *Kerlin*, 2018 U.S. Dist. LEXIS 144152, at *2. Plaintiff asserted defendants acted "recklessly." *Id.*

For the same reasons I will not dismiss a punitive damages claim against Mr. Haas, I decline to dismiss Plaintiff's punitive damages claims against PCT. Plaintiff has accused PCT of being "reckless[]," (Doc. 1, ¶ 43) which is enough to survive a punitive damages claim at this stage. *See Kerlin*, 2018 U.S. Dist. LEXIS 144152 (an allegation that a defendant acted "recklessly" is enough for a punitive damages claim to survive a motion to dismiss). *See also Seamans v. Tramontana*, No. 13-cv-698, 2013 U.S. Dist. LEXIS 151429, at *15 (M.D. Pa. Oct. 22, 2013)) (on a failure to train/supervise claim, motion to dismiss punitive damages claim was denied because the employer's state of mind is vital to determine if punitive damages should be awarded); *Tomassoni v. Farr*, No. 11-cv-105, 2011 U.S. Dist. LEXIS 23062, at *5-6 (M.D. Pa. Mar. 8, 2011) (same).

IV.   CONCLUSION

Understanding the mental state of a defendant is critical to the award of punitive damages. This can only be uncovered during discovery. Therefore, Defendants' Motion to Dismiss Plaintiff's Punitive Damages Claim is denied.

An appropriate Order will follow.

Date: December 22, 2021          BY THE COURT

                                 *s/William I. Arbuckle*
                                 William I. Arbuckle
                                 U.S. Magistrate Judge