UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. MEDINA, | ) | CIVIL ACTION NO. 4:21-CV-1000 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ROBERT R. HAAS, *et al.*, | ) | |
| Defendants | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>
*Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 47)*

David Medina seeks Rule 11 sanctions against Defendants for pleading prophylactic affirmative defenses. As relief, Mr. Medina seeks to strike the affirmative defenses or to require Defendants to amend their answer. However, the touchstone of a Rule 11 decision hinges on whether the accused acted "reasonably." In this case, I find that Defendants acted reasonably, and I decline to impose sanctions against Defendants or Defendants' counsel.

I.   BACKGROUND AND PROCEDURAL HISTORY

This diversity action began when David Medina (Mr. Medina or "Plaintiff") filed a Complaint against Robert Hass, The Pennsylvania College of Technology ("PCT"), and The Pennsylvania State University ("PSU") on October 9, 2020. (Doc. 1). Mr. Medina originally filed this case in the United States District Court for the Eastern District of Pennsylvania. Defendants moved to have the case transferred to

Page 1 of 11

the Middle District of Pennsylvania, which Judge Gerald Pappert granted on March 22, 2021. (Doc. 22).

The facts of this case are straightforward, according to the Complaint. On March 1, 2019, Mr. Medina was driving a sedan on the southbound side of U.S. Route 15 near White Deer, Pennsylvania. (Doc. 1, ¶ 18). As Mr. Medina passed Allenwood Camp Lane, a pickup truck with a snowplow crashed into the passenger side of Mr. Medina's sedan. (*Id.* at ¶ 22). At the time of the accident, Mr. Haas was operating the pickup truck within the scope of his employment with PCT. (*Id.* at ¶¶ 19-21; 52). When the accident occurred, Mr. Haas was clearing snow/slush from Allenwood Camp Lane, which is where PCT's Earth Science Center is located. (*Id.*). The force of the impact spun Mr. Medina 270-degrees and he ended up on a ditch on the northbound side of U.S. Route 15. (*Id.* at ¶¶ 24-26).

When eastbound drivers of Allenwood Camp Lane arrive at the U.S. Route 15 intersection, they must abide by a STOP sign, and yield to traffic on U.S. Route 15. (*Id.* at ¶¶ 23;39). Drivers on U.S. Route 15 do not have a STOP sign on the Allenwood Camp Lane intersection. (*See id.*). As such, Mr. Haas was cited for a summary traffic offense under 75 Pa. C.S.§ 3111(A) (obedience to traffic-control devices) on March 2, 2021. (*Id.* at ¶ 32). He pled guilty to this offense on April 29, 2021. (*Id.* at ¶ 34). As a result of the crash, Mr. Medina suffers from a variety of health issues and is unable to work. (*Id.* at ¶¶ 40-42).

Mr. Medina lists five counts in his Complaint:

(1) A negligence claim against Mr. Haas;
(2) A vicarious liability claim against PCT;
(3) A vicarious liability claim against PSU;
(4) Failure to train, failure to supervise, and negligent entrustment claims against PCT; and
(5) Failure to train, failure to supervise, and negligent entrustment claims against PSU.

Defendants filed a partial Motion to Dismiss, which the Court denied on December 22, 2021. (Doc. 38). On February 1, 2022, Defendants filed an Answer. (Doc. 44). In their Answer, Defendants assert eleven affirmative defenses:

(1) Plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act (42 Pa. C.S.§ 7102);
(2) Plaintiff failed to mitigate his damages;
(3) Plaintiff's claims are barred by the statute of limitations;
(4) That the accident "was caused by negligent acts of persons, or the strict liability of an entity(ies), over whom answering Defendants had no control or right of control;"
(5) That Plaintiff's Complaint fails to state a cause upon which relief can be granted;
(6) Plaintiff's injuries were "caused solely and primarily by Plaintiff's own carelessness and negligence;"
(7) Plaintiff's injuries were caused "solely and primarily by the careless, negligent and/or strict liability acts of third parties or entities both unknown to the answering Defendants and over whom answering Defendants had no control;"
(8) That Plaintiff's conduct assumed the risk of his injuries;
(9) The No Fault Motor Vehicles Act (40 Pa. C.S. §1009.101) applies and Plaintiff's remedies are limited to that law;
(10) The Motor Vehicle Financial Responsibility Law (75 Pa. C.S. § 1701) applies and Plaintiff's remedies are limited to that law; and
(11) Plaintiff's medical expenses "were paid for via some form of collateral coverage," and therefore he cannot recover them in this instant matter.

(*Id.* at pp. 16-17).

On February 21, 2022, Plaintiff filed a Motion to Strike Defendants' Affirmative Defenses. (Doc. 47). In a relatively novel fashion, Plaintiff relied exclusively on Rule 11 of the Federal Rules of Civil Procedure to support his Motion.[1] (*Id.*). Plaintiff's Brief in Support was on March 7, 2022. (Doc. 48). As for relief, Plaintiff asks the Court to either strike Defendants' affirmative defenses or require them to refile their answer but only with affirmative defenses "for which it has a good faith to assert." (*Id.* at p. 8). On March 14, 2022, Defendants filed a Brief in Opposition. (Doc. 50). Plaintiff did not file a Reply Brief. This Motion is now ripe for disposition.

II.   THE RULE 11 SANCTIONS STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure provides that:

By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

. . . .
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

---

[1] Typically, plaintiffs rely on Rule 12(f) of the Federal Rules of Civil Procedure (titled "Motion to Strike") as the basis for their motion to strike affirmative defenses.

Fed. R. Civ. P. 11(b). It also provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.: Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions should only be issued "in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (internal citations omitted).

III.    DISCUSSION

    Plaintiff contends that Defendants asserted their affirmative defenses prophylactically, rather than having a good faith basis to assert them. (Doc. 48, p. 6). For each of Defendants' affirmative defenses, Plaintiff argues that they fail "to set forth any factual contentions or evidentiary support showing a good faith basis for asserting such a defense." (*Id.* at pp. 6-7).

    Defendants strongly object to Plaintiff's invocation of Rule 11, and instead argue that this Motion should have been brought under Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 50, p. 2). Relying on Rule 12(f), Defendants argue that pleading requirements for affirmative defenses only require fair notice of the issue, which Defendants contend they have done. (*Id.* at p. 4). Finally, Defendants take issue that Plaintiff's counsel did not confer with Defendants' counsel regarding

this Motion before filing it. (*Id.* at p. 6). Nonetheless, they have agreed to withdraw their third affirmative defense: a statute of limitations bar. (*Id.*).

As applied here, I agree with Defendants; Plaintiff's Motion under Rule 11 fails. First, I will discuss Rule 11 and Rule 12(f), and the relevant law; and then discuss why Plaintiff's Motion will be denied.

    A.    THE USE OF RULE 11 AND 12(F) TO STRIKE AFFIRMATIVE DEFENSES

In determining whether Rule 11 sanctions are appropriate, a court "must look objectively as to whether the imposition of sanctions would be reasonable under the circumstances." *Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396, 401 (E.D. Pa. 2014). In deciding whether something is reasonable under this rule, courts look at several factors, including, "the amount of time available to the signer for conducting the factual and legal investigation; the necessity for reliance on a client for the underlying factual information; the plausibility of the legal position advocated; . . . whether the case was referred to the signer by another member of the Bar . . . [; and] the complexity of the legal and factual issues implicated." *In re Taylor*, 655 F.3d 274, 284 (3d Cir. 2011). Although these factors may aid the Court in its analysis, the Court need not "work mechanically through" each factor before deciding whether to impose a sanction under Rule 11. *Id.* "[T]he applicable standard is one of reasonableness under the circumstances." *Id.* (quoting *Bus, Guides, Inc., v. Chromatic Commc'ns Ents., Inc.*, 498 U.S. 533, 551 (1991).

There is limited and conflicting authority on whether Rule 11 is an appropriate vehicle for striking affirmative defenses. *Compare Greenspan v. Platinum Healthcare Grp.*, LLC, No. 2:20-cv-5874, 2021 WL 978899 (E.D. Pa. Mar. 16, 2021) (striking affirmative defenses after issuing *sua sponte* show cause order under Rule 11) *with Glover v. Mary Jane M. Elliott, P.C.*, No. 07-cv-648, 2007 WL 2904050 (W.D. Mich. Oct. 2, 2007) ("plaintiff's reliance on Rule 11 as a basis for striking defenses in this case is meritless") *and Henry v. Black*, No. 11-cv-129, 2011 WL 2938450, at * 9-10 (D. Utah, July 19, 2011) ("Plaintiff's Motion seeks to test the legal sufficiency of a number of affirmative defenses. As set forth above, this is not the proper role of a Rule 11 Motion"). In fact, in 1983, the Advisory Committee removed one of Rule 11's original remedies: to strike a pleading. Fed. R. Civ. P. 11, Notes of Advisory Committee on 1983 Amendments to Rules. The committee explained that motions to strike pleadings "generally present issues better dealt under Rules 8, 12, or 56." *Id.* However, the amendment did not forbid courts from striking pleadings or motions under Rule 11. *Id.*

Typically, litigants rely on Rule 12(f) of the Federal Rules of Civil Procedure to strike affirmative defenses. Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense fails to satisfy pleading standards when it does not afford the plaintiff fair notice of the nature of the defense.

The court may strike defenses that are nothing but bare bones, conclusory allegations that do not include a short and plain statement of the facts." *Klaus v. Jonestown Bank & Tr. Co.*, No. 1:12-CV-2488, 2014 U.S. Dist. LEXIS 33383, at *2 (M.D. Pa. Mar. 14, 2014). The pleading standards set forth by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and A*shcroft v. Iqbal*, 556 U.S. 662 (2009) do not apply to affirmative defenses. *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 895 (E.D. Pa. 2011).

B.  SANCTIONS ARE NOT APPROPRIATE IN THIS CASE

Off the bat, I believe that Rule 11 can be an appropriate vehicle to strike affirmative defenses. Counsel must comply with Rule 11 in every pleading filed with the Court, and that includes pleading affirmative defenses. However, if Rule 11 is going to be used to attack affirmative defenses, then I must apply Rule 11's standard of reasonableness.

As applied here, Defendants' counsel acted reasonably. Many of Defendant's affirmative defenses could survive a Rule 12(f) motion to strike, thus leading to an inference that counsel acted reasonably in asserting his affirmative defenses. For example, Defendants' fifth affirmative defense (Plaintiff fails to state a claim upon which relief can be granted), is of the type that has survived motions to strike, as it operates as a defense under Rule 12(h)(2). *See, e.g., Klaus*, 2014 U.S. Dist. LEXIS 33383, at *3-4. Likewise, Defendants' second, fourth, seventh, and eighth,

Page 8 of 11

affirmative defenses have survived Rule 12(f) motions to strike because they raise questions of fact, and "[m]otions to strike should not be granted when the sufficiency of the defense depends upon disputed or undeveloped issues of fact." *Id.* (declining to strike affirmative defenses that are conclusory, but yet raise a question of fact); Answer, ECF No. 26, *Klaus*, No. 12-cv-2488 (M.D. Pa.). If similar affirmative defenses have survived a Rule 12(f) motion, it's hard to imagine counsel's actions in this case are "unreasonable."[2]

Plaintiff's Rule 11 motion also fails procedurally. Defendants claim that Plaintiff failed to inform them about their proposed Motion to Strike under Rule 11. (Doc. 50-1, pp. 5-6). This is in violation of Rule 11's safe harbor provision, which requires that "a party seeking sanctions must tender a motion for sanctions, describing therein the protested conduct, and must serve the motion on the opposing party before presenting it to the court." *Rawls v. Kegerise,* No. 13-cv-2867, 2014 U.S. Dist. LEXIS 179764, at * 12-13 (M.D. Pa. Aug. 25, 2014) (citing Fed. R. Civ. P. 11(c)(2)) (for the proposition that a court can deny a Rule 11 sanctions motion for failing to comply with its safe harbor provision). However, this procedural requirement apparently was not followed by Plaintiff, thus on this basis alone, the Motion could be denied.

---

[2] Rule 11's standard is quite different from Rule 12(f)'s standard, and I will entertain a Motion to Strike if it is filed under Rule 12(f). The Court agrees that prophylactic pleading of numerous affirmative defenses should be avoided.

Plaintiff primarily relies on one case from the Eastern District of Pennsylvania as the basis of his Motion: *Greenspan v. Platinum Healthcare Grp.*, No. 20-cv-5874, 2021 WL 978899 (E.D. Pa. Mar. 16, 2021). *Greenspan* is distinguishable and I decline to apply its reasoning and/or holding to this case.

In *Greenspan*, the Court, *sua sponte*, issued a show cause order directing defendants to respond to why they should not be sanctioned for prophylactically asserting twenty-five affirmative defenses. *Greenspan*, 2021 WL 978899, at *3-4. In the defendants' response, they admitted that "it did not have a good faith basis to assert that the evidence supports its affirmative defenses." *Id.* at 6. Thus, the court struck defendants' affirmative defenses, with leave to refile an answer. However, in that case, the court did not have to apply the safe harbor rule, and the defendants affirmatively told the court that it did not have a good faith basis to assert its claims. Additionally, the *Greenspan* defendants listed more than double the amount of affirmative defenses than Defendants in this case.[3] These factual differences are enough to make this case distinguishable, and I decline to apply its holding to this case.

---

[3] The *Greenspan* defendants plead numerous affirmative defenses that "include lack of personal jurisdiction, lack of subject matter jurisdiction, Plaintiff's execution of a jury waiver or an arbitration agreement, comparative or contributory negligence, assumption of risk, the statute of limitations, res judicata or collateral estoppel, and accord and satisfaction." *Greenspan*, 2021 WL 978899, at *3-4. Their answer "also denies the allegations of citizenship and claims that defendants do not know their own states of citizenship." *Id.*

IV. CONCLUSION

Plaintiff's Rule 11 motion for sanctions in the form of striking affirmative defenses fails. Plaintiff is free to file another Motion under Rule 12(f). However, the Court is confident that the parties in this case will be able to resolve this matter without additional intervention by the Court.

An appropriate Order will follow.

Date: June 27, 2022                                   BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge
